UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| YVONNE TAYLOR, for S.T., | ) | CASE NO. 1: 12 CV 696 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (ECF #15) recommending that the Court reverse and remand the case to the Commissioner of Social Security for further analysis and clarification. The Report and Recommendation is ADOPTED by this Court.

**Procedural and Factual Background**

On July 31, 2009, Plaintiff, acting on behalf of minor Claimant, filed an application for children's Supplemental Security Income (SSI), alleging disability due to Attention Deficit Hyperactivity Disorder. The application was denied initially and on reconsideration. Plaintiff filed a request for a hearing by an ALJ, which was conducted on July 11, 2011. The ALJ issued a Notice of Decision - Unfavorable. The Appeals Court denied Plaintiff's request for review. On

March 22, 2012, Plaintiff filed the instant suit seeking judicial review of the ALJ's decision. The case was referred to Magistrate Judge Limbert, pursuant to 28 U.S.C. § 636 and Local Rule 72.2. Each party filed a brief on the merits.

Magistrate Judge Limbert issued his Report and Recommendation on May 30, 2013. Due to discrepancies and lack of analysis in the ALJ's decision to deny Plaintiff's SSI, the Magistrate Judge concluded that the ALJ had committed prejudicial error. Accordingly, the Magistrate Judge recommended the case be reversed and remanded. No objections to the Report and Recommendation have been filed.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges. In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court, in *Thomas v. Arn*, 474 U.S. 140 (1985), examined the proper standard of review that a district judge must employ when reviewing an unopposed magistrate judge's report. When confronted with the proposition that the failure to object to a magistrate's report waives only *de novo* review, but does not waive some lesser standard of review, the Court disagreed. The Court rejected the idea that Congress mandated *de novo* review, or in fact, *any* type of review in this context. The Court stated: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Id.* at 150; *see also Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." (citations omitted)).

Although it is not expressly required by the Federal Rules of Civil Procedure or by the Supreme Court, this Court will conduct a *de novo* review of a magistrate's judge's report to which no objections have been filed. In the absence of a clearly articulated standard for the review of unopposed magistrate judge's reports, this Court chooses to employ the standard which is provided by Congress for opposed reports within the text of FED. R. CIV. P. 72. Therefore, in the interests of justice and fairness to the parties, the Court will employ a *de novo* standard rather than the "clearly erroneous" or "abuse of discretion standards."

It is important to note that the standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the

decisions of the ALJ and the Appeals Council, is limited to whether that decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

## Conclusion

This Court finds Magistrate Judge Limbert's findings correct even under a *de novo* standard of review and adopts them as its own. This Court agrees with Magistrate Judge Limbert that meaningful judicial review of the ALJ's decision requires proper explanation as to the ALJ's findings. The Court further agrees that discrepancies in interpreting Dr. Burns' report, along with the lack of analysis, constitute prejudicial error. Accordingly, this Court agrees with Magistrate Judge Limbert that reversal and remand is warranted.

For the foregoing reasons, the Court ADOPTS the Report and Recommendation of Magistrate Judge Limbert (ECF #15). Plaintiff's request to reverse and remand the Commissioner's final decision is GRANTED. The Commissioner's final decision denying Plaintiff supplemental social security benefits is REVERSED and REMANDED for further proceedings.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: June 26, 2013